**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ST. PAUL FIRE AND MARINE INSURANCE
COMPANY,**

    **Plaintiff,**

v.                                                                                          Case No.: 8:05-cv-962-T-MSS

**SEA QUEST INTERNATIONAL, INC. and
TRIDENT SHIPWORKS, INC.,**

    **Defendants.**

_____/

**ORDER**

This matter comes before the Court for consideration of Defendant, Trident Shipworks, Inc.'s ("Trident") Motion to Dismiss (Dkt. 10) and Defendant, Sea Quest International, Inc.'s ("Sea Quest") Notice of Joining in Trident's Motion to Dismiss, Or in the Alternative Motion to Abate (Dkt. 14) (collectively, the "Defendants") and Plaintiff's combined response in opposition thereto (Dkt. 18).

**Procedural History**

By way of a brief procedural history, Plaintiff, St. Paul Fire and Marine Insurance Company ("Plaintiff" or "St. Paul") has filed a claim for declaratory relief seeking a declaration of the parties' rights and obligations regarding the extent of coverage under a marine general liability ("MGL") policy and a "bumbershoot" or umbrella excess liability issued by Plaintiff to Trident (the "Second Declaratory Action"). Specifically, Plaintiff seeks a declaration that it had no obligation under either policy to provide a defense to Trident in a pending state court case or to indemnify Trident for any judgment rendered against

Trident in that case.[1]

The state court case, to which St. Paul is not a party, began as a two-count suit for negligence and breach of contract brought by Sea Quest against Trident. The negligence count was dismissed, and on June 21, 2005, one month after the filing of the case *sub judice*, the state court entered an order granting Sea Quest's Motion for Summary Judgment on the remaining breach of contract count. That order is on appeal and pending before the Florida Second District Court of Appeal. The parties consented to the jurisdiction of the Undersigned and this matter was referred as of November 9, 2005 (Dkts. 23 and 24).

Prior to proceeding in state court, all of the parties appeared in this Court in St. Paul Fire & Marine Ins. Co. v. Sea Quest Int'l, Inc. and Trident Shipworks, Inc., M.D. Fla. Case No.: 8:00-cv-571-T-MSS (the "First Declaratory Action"), during which the Court found, at the urging of St. Paul, that Sea Quest had prematurely asserted claims for coverage under the MGL and bumbershoot policies based on the express "no action" clauses in those policies, which barred claims for coverage prior to the establishment of Trident's liability. As a result, the Court dismissed those claims and did not make any coverage determinations on the MGL and bumbershoot policies. That decision precipitated the filing of the state court action to determine Trident's liability.

**Analysis**

Defendants argue now that under the Brillhart doctrine this Court should dismiss Plaintiff's declaratory judgment suit. See Brillhart v. Excess Ins. Co. of America, 316 U.S.

---

[1] Sea Quest International, Inc. v. Trident Shipworks, Inc., Case No.: 03-6011, proceeded before Judge Gregory Holder in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida and is now on appeal before the Florida Second District Court of Appeal, Docket No. 2D05-5950.

2

491, 62 S.Ct. 1173 (1942).  As the Court found in <u>Northern Ins. Co. of N.Y. v. David Nelson Const. Co.</u>, 41 F. Supp. 2d 1332, 1339 (M.D. Fla. 1999), "<u>Brillhart</u> is used to avoid uneconomical as well as vexatious actions where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."

While this Court uses a variety of factors to analyze motions made under <u>Brillhart</u>, the fact that the parties and issues are not the same in the state case and the federal case precludes a dismissal under <u>Brillhart</u>.  <u>Northern Ins.</u>, 41 F. Supp. 2d at 1340.  The court reached the same conclusion in <u>Northern Insurance</u>, where, as here, the insurer was not a named party in the state suit and the state suit dealt with liability while the federal suit focused on coverage.  <u>Id.</u>

The Court finds that <u>Brillhart</u> does not apply to the facts at hand because St. Paul is not a named party in the state court proceedings and the state court ruled on contractual liability rather than insurance coverage. In similar cases, courts have determined that it is appropriate for a federal court to entertain a declaratory action where the plaintiff is seeking to determine its obligations to provide coverage for a defendant which is a party in a pending state court action.  <u>See</u> <u>Northern Ins.</u>, 41 F. Supp. 2d at 1339-40; <u>Coregis Ins. Co. v. McCollum</u>, 955 F. Supp. 120, 122 (M.D. Fla. 1997).  Accordingly, Trident's Motion to Dismiss (Dkt. 10) is **DENIED**.

The above analysis does not fully address Sea Quest's Notice of Joining in Trident's Motion to Dismiss, or in the Alternative Motion to Abate (Dkt. 14).  In its Motion, Sea Quest asks the Court to consider, as an alternative to dismissal, abating this case until the conclusion of the state court case.  The Court construes this request as a Motion to Stay proceedings until the conclusion of the state court case.

Although the term "abatement" is often used interchangeably with the term "stay,"

the two can be distinguished.  As stated in Am. Jur. 2d § 3:

> [W]hen grounds for abatement of an action exist, the abatement of the action is a matter of right, but a stay is granted in the court's discretion. Where a question of abatement or stay arises in a court during determination of a pending action in another jurisdiction, a stay merely results in the temporary cessation of the proceedings awaiting the outcome of the litigation in another jurisdiction, while abatement generally constitutes a complete dismissal or discontinuance of the action.

1 Am. Jur. 2d <u>Abatement, Survival and Revival</u> § 3 (2006)

As noted above, during the First Declaratory Action, St. Paul had the opportunity to have coverage determined under the MGL and Bumbershoot policies.  However, St. Paul sought and obtained dismissal after successfully asserting its "no action" clauses in those policies as a bar to any coverage determination prior to the establishment of Trident's liability.  On appeal of the final order in the First Declaratory Action, the Eleventh Circuit upheld this Court's dismissal, stating that "[t]he Court has considered Sea Quest's arguments that its claims under the MGL and Bumbershoot policies were ripe. The Court agrees with the district court's reasoning that the policies' 'no action' clauses rendered the claims premature."  <u>See</u> the Eleventh Circuit's unpublished opinion issued on April 14, 2003, Case No. 02-12248 as found in First Declaratory Action, Dkt. 180 at p.12.  Thus, St. Paul's successful argument in the First Declaratory Action is one of the reasons it is now defending Trident under a reservation of rights in state court.

Despite this prior "success" St. Paul now asks this Court, without any real explanation, to reassert itself into this matter.  The Court is cognizant of the fact that "whether an insurer has a duty to defend a suit against its insured is generally considered a controversy ripe for declaratory relief . . . ." 16 Couch on Ins. § 227:29 (2005). Notwithstanding, the substantial litigation history between these parties at the federal and

4

now state level, as well as St. Paul's two-year delay in initiating the Second Declaratory Action render this an atypical declaratory action suit, implicating policies of comity and the preservation of judicial resources. In addition, as the Supreme Court noted in Wilton v. Seven Falls Co., 515 U.S. 277, 288, 115 S.Ct. 2137, 2143 (1995):

> There is . . . nothing automatic about the assumption of 'jurisdiction' by a federal court to hear a declaratory judgment action (citation omitted). By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.

In this case, St. Paul decided not to file the Second Declaratory Action in advance of, or at the beginning of the state court case. When the case *sub judice* was initially filed, it was perhaps believed that all substantive issues regarding liability had been resolved or would be formally resolved in days. Subsequently, the parties in the state court action filed cross-appeals resulting in further uncertainty with respect to issues of liability.[2]

In these unusual circumstances, this Court finds that a stay of proceedings will avoid possible piecemeal litigation and will allow the Court to address all the issues that might potentially come before it, including Plaintiff's duty to defend and, if necessary, those coverage issues that were dismissed in the First Declaratory Action. Moreover, it does not appear that a resolution of these issues can be reached prior to a resolution of the state court appeal.

Thus, the Court declines to reassert itself into this case until such time as there is a final determination of liability and the issues of coverage are ripe.

---

[2] In truth, the Court does not know what the issues will be on appeal as they have not been briefed due to requests for extensions filed by both sides.

Accordingly, it is **ORDERED** that Sea Quest's Motion (Dkt. 14) is **GRANTED**, and this action is **STAYED** pending a final determination of liability in the state court case, including final resolution of any appeal.  Upon such a determination, any party may move to dissolve the stay.  Accordingly, the **CLERK** is directed to **ADMINISTRATIVELY CLOSE** the file.

**DONE and ORDERED** in Tampa, Florida, on this 31st day of March 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of record